UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY R. RENTERIA,<br><br>       Petitioner,<br><br>v.<br><br>UNKNOWN,<br><br>       Respondent. | Case No.: 19-CV-507 JLS (KSC)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a pre-trial detainee proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus and has paid the $5.00 filing fee. *See generally* ECF No. 1 ("Pet."). The Petition must be dismissed because it is clear that this Court is barred from consideration of Petitioner's claims by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971).

Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id*. at 45–46; *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) ("[*Younger*] espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.") These concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983).

Absent extraordinary circumstances, abstention under *Younger* is required when (1) state judicial proceedings are ongoing, (2) the state proceedings involve important state interests, and (3) the state proceedings afford an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). All three of these criteria are satisfied here. At the time Petitioner filed the instant Petition on March 15, 2019, he stated he had been arrested on July 27, 2018, and that he had filed a motion to dismiss in state court, which was denied on March 5, 2019. Pet. at 3. He claims *Younger* does not apply because he was detained illegally. *Id.* at 1–11. But Petitioner's criminal case is still ongoing in the state courts. Further, there is no question that the state criminal proceedings involve important state interests. Finally, Petitioner has failed to show that he has not been afforded an adequate opportunity to raise the federal issues on direct appeal. Petitioner offers nothing to support a contention that the state courts do not provide him an adequate opportunity to raise his claims, and this Court specifically rejects such an argument. Abstention is therefore required. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) (holding that *Younger* applies to state appellate proceedings as well as ongoing proceedings in state trial court); *see also Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from that the case concluded in the state courts.")

Because Petitioner has failed to demonstrate that extraordinary circumstances exist that would relieve this Court of its obligation to abstain from interfering with ongoing state criminal proceedings, his Petition is **DISMISSED WITHOUT PREJUDICE**.[1] *Juidice v.*

---

[1] Petitioner filed two similar petitions for writ of habeas corpus, one that was dismissed on January 3, 2019, for the same reasons discussed in this Order, *see* Order Dismissing Case Without Prejudice, *Renteria v. Gore*, No. 18-CV-2823 WQH (KSC) (S.D. Cal. Jan. 3, 2019), ECF No. 3, and one that was dismissed on January 29, 2019. *See* Order Dismissing Case Without Prejudice, *Renteria v. Gore*, No. 19-CV-146 WQH (AGS) (S.D. Cal. Jan. 29, 2019).

*Vail*, 430 U.S. 327, 337 (1977) (holding that, if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action).

## **CONCLUSION**

For the foregoing reasons, the Petition is **DISMISSED WITHOUT PREJUDICE** because this Court must abstain from interfering with the ongoing state criminal proceedings pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).

**IT IS SO ORDERED.**

Dated: March 29, 2019

Hon. Janis L. Sammartino
United States District Judge